AHRENS, et al. v. BOARD OF COUNTY COMMISSIONERS, et al.

Probate Court, Hamilton County.

No. 3344.    Decided June 16, 1949.

Clarence M. Smith, Cincinnati, for Village of Mt. Healthy, Ohio.

Carson Hoy, Pros. Atty., William J. Schmid, Asst. Pros. Atty., Cincinnati, for Board of County Commissioners, Hamilton County, Ohio.

Ewing O. Cossaboom, Cincinnati, for Edna B. Ahrens, et al.

### OPINION

By DAVIES, J.

This matter is before the court upon the defendants' motion for a judgment notwithstanding the verdict.

The facts, briefly stated, are as follows:

The Board of County Commissioners of Hamilton County, by resolution, on February 9, 1949, under the provisions of §6906 et seq GC, found that the public convenience and welfare required the improving of Compton Road within the corporate limits of the Village of Mt. Healthy, Ohio, and ordered the Hamilton County Engineer to prepare the necessary surveys, plans, profiles, cross-sections, estimates of cost and specifications for said improvement, which were subsequently filed by the Engineer with the Commissioners. Subsequently, the Commissioners and the Village of Mt. Healthy entered into an agreement by the terms of which the Village undertook to pay part of the cost of the said improvement which included grading, draining, paving the roadway with concrete, repairing sidewalks, building curbs and gutters and the installation of water mains.

Nine property owners, whose properties front on Compton Road within the Village of Mt. Healthy, following the provisions of §6890 et seq GC, effected an appeal from the Commissioners' order establishing the proposed improvement of Compton Road in Mt. Healthy, Ohio.

The County Commissioners transmitted to the Probate Court the original papers in the proceeding and a certified transcript of their record of all proceedings in connection with said improvement. The cause was docketed, and in due course a jury was impaneled and sworn, evidence was presented to the jury, and the Court submitted to the jury for its consideration the issue as to whether or not the proposed improvement of Compton Road would be conducive to the public convenience and welfare. The jury returned a verdict in favor of the plaintiff-appellants. The defendants at the beginning of, during and at the conclusion of the testimony made motions to dismiss the action on the ground that the Probate Court had no jurisdiction to hear the appeal. The defendants, the County Commissioners and the Village of Mt. Healthy, Ohio, now ask the Court for a judgment, notwithstanding the verdict rendered, on the grounds that appellants could not, under the law, effect an appeal under the provisions of §6890 et seq GC from an order of the County Commissioners, made under the provisions of §6906 et seq GC "establishing" the proposed improvement of Compton Road.

Sec. 6860 GC, provides that

"The county commissioners shall have power to locate, establish, alter, widen, straighten, vacate or change the direction of roads * * *."

and, §6863 GC, sets forth that the word "improvement" signifies any "location, establishment, alteration, widening, straight-

ening, vacation or change in the direction of a public road
* * *."

Sec. 6862 et seq GC, provides that when the County Commissioners are of the opinion that it will be for the public convenience or welfare to make an "improvement", they shall so declare by resolution, and the section sets forth exactly what procedure shall be followed in completing that improvement.

Sec. 6870 GC, provides that

"If the commissioners at their final hearing on said improvement order the same established, they shall fix a date for hearing claims for compensation and damages, and they shall forthwith cause notice in writing of the time and place of such hearing to be given to the owner or owners **through or upon whose lands said improvement is to be established or located.**" (Emphasis ours.)

Sec. 6890 GC, provides that

"No order of the county commissioners for locating, establishing, altering, straightening, widening or changing the direction of a public road, shall be executed until ten days have elapsed after the county commissioners have made their final order in the matter of compensation and damages, on account of said improvement."

Although the word "vacate," found in §6860 GC, is not included under the language of §6890 GC, the Supreme Court of Ohio, in the case of **Board of Commissioners of Crawford County et al. v. Gibson et al., 110 Oh St, 290,** found that an appeal does lie from the final order of the County Commissioners vacating a county road or any part thereof.

Sec. 6891 GC, provides that

"Any person, firm or corporation interested therein, may appeal from the final order or judgment of the county commissioners made in the proceeding and entered upon their journal determining either of the following matters:

"1. The compensation for land appropriated.

"2. The damages claimed to property affected by the improvement.

"3. The order establishing the proposed improvement.

"4. The order dismissing or refusing to grant the prayer of the petition for the proposed improvement."

It is clear that the Legislature has granted to any person, firm or corporation interested therein the right to appeal from the final order of the County Commissioners, under the provisions of §6860-§6889 GC, inclusive, in the matter of compensation for land appropriated, damages claimed to property affected by the improvement, or "the order establishing the proposed improvement," when the improvement included

either the locating, establishing, altering, widening, straightening, vacating or changing the direction of a public road.

The court is now asked to decide whether or not it was the intention of the Legislature to grant to a person, firm or corporation, under the provisions of §6891 GC, the right to appeal from a final order of the County Commissioners in the matter of "the order establishing the proposed improvement," when the County Commissioners proceeded under the provisions of §6906 et seq GC, to improve, reconstruct or repair an existing public road.

By the provisions of §6906 GC, it is provided that

"The board of county commissioners of any county shall have power, * * * to construct a public road by laying out and building a new public road, or by improving, reconstructing or repairing any existing public road or part thereof by grading, paving, widening, altering, straightening, vacating, changing the direction, draining, dragging, graveling, macadamizing, resurfacing or applying dust preventatives, or by otherwise improving the same, and where an established road has been relocated, to construct and maintain such connecting roads between the old and new locations as will provide reasonable access thereto."

It will be noted that, under the provisions of §6863 GC, the word "improvement" includes the language found in §6860 GC, giving the County Commissioners power "to locate establish, alter, widen, straighten, vacate or change the direction of roads."

The Legislature, in §6906 GC, gave the County Commissioners authority to "construct a public road by laying out and building a new public road, or by improving, reconstructing or repairing any existing public road or part thereof by grading, paving, widening, altering, straightening, vacating, changing the direction, draining, dragging, graveling, macadamizing, resurfacing or applying dust preventatives or by otherwise improving the same."

Under the provisions of §6911 GC, the Board of County Commissioners may by resolution unanimously adopted find that the public convenience and welfare require the improving of any public road or part thereof by grading, draining, paving, straightening or widening the same and constructing or reconstructing any bridges and culverts necessary for such improvement, and this and following sections outline the procedure to be followed in making such improvement. Provision is made for the filing and allowing by the County Commissioners of claims for damages sustained on account of or incident to such improvement, and provides the method for

the filing of property owners of claims for compensation and damages with the Board of Commissioners.

Sec. 6916 GC provides that

"Any person, firm or corporation aggrieved by the finding of the commissioners upon any application for compensation or damages, may appeal to the probate court by giving the notice provided for in the chapter of this act (106 v. 574 to 666) relating to appeals in road cases, and by filing the bond therein provided, and such proceedings shall be thereafter had upon such appeal, as are provided for in said chapter."

It will be noted that, by the provisions of §6916 GC, an appeal to the Probate Court is given only to any person, firm or corporation aggrieved by the finding of the Commissioners **upon any application for compensation or damages.** In the instant case, no question of compensation or damages is involved.

It is evident that the "proposed improvement" referred to in §6891 GC relates to the word "improvement" defined in §6863 GC which includes the power of the County Commissioners "to locate, establish, alter, widen, straighten, vacate or change the direction of roads," provided in §6860 et seq GC, and does not refer to the word "improving" or "improvement" found in §6906 et seq GC.

Under §6906 GC, the Legislature gave to the County Commissioners power "to construct a public road by laying out and building a new pubicl road" or power "to construct a public road—by improving—any existing public road or part thereof by grading, paving, widening, altering, straightening—, or by otherwise improving the same—."

In the case under consideration, as above stated, the County Commissioners undertook **to construct a public road** (Compton Road) **by improving a part of an existing public road** (Compton road was in existence) by grading, paving, widening **or by otherwise improving the same** under the provisions of §6906 et seq GC.

Sec. 6916 GC does not give to any person the right of appeal to the Probate Court from an order of the County Commissioners, proceeding under §6906 et seq GC. to construct a public road by improving, reconstructing or repairing any existing public road or part thereof by grading, paving, widening, altering, straightening, vacating, changing the direction, draining, dragging, graveling, macadamizing, resurfacing or applying dust preventatives, or by otherwise improving the same.

The defendants' motion for judgment notwithstanding the verdict, therefore, will be sustained.